1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MAX LEE ISRAEL,

            Petitioner,

     v.

R. NDOH,

            Respondent.

Case No.  20-cv-04347-PJH

**ORDER OF DISMISSAL**

      Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The petition was dismissed with leave to amend to demonstrate why the petition is not successive.  Petitioner has filed an amended petition.

**DISCUSSION**

**STANDARD OF REVIEW**

      The Court may consider a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet heightened pleading requirements.  *McFarland v. Scott*, 512 U.S. 849, 856 (1994).  An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground."  Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254.  "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'"

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**LEGAL CLAIM**

Petitioner presents claims regarding his 2005 conviction.  However, the court already denied a habeas petition regarding this conviction.  *See Israel v. Evans*, No. 09-0650 PJH.  The court also denied a habeas petition regarding a 2013 resentencing for the same conviction.  *See Israel v. Wofford*, No. 16-2826 PJH.

"A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed . . ." 28 U.S.C. § 2244(b)(2).  This is the case unless,

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

Petitioner has not shown that he has received authorization from the Ninth Circuit to proceed with this case.  The petition is dismissed but petitioner may refile the petition if he receives permission from the Ninth Circuit.

**CONCLUSION**

1.  The petition is **DISMISSED** for the reasons set forth above.  A certificate of appealability is **DENIED**.

2

1    2.  The clerk shall close this action.

2    **IT IS SO ORDERED.**

3    Dated: August 17, 2020

4

5                                                        _/s/ Phyllis J. Hamilton_

6                                                        PHYLLIS J. HAMILTON
                                                         United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California